UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SIDNEY WILSON, | ) |
| Petitioner, | ) |
| v. | ) No. 3:05-CV-167PS |
| CECIL DAVIS, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This case is before the court on Petitioner Sidney Wilson's Petition for Writ of Habeas Corpus. Wilson was sentenced to ten years in prison on January 12, 2000 after being convicted of possessing a dangerous device or material. As part of his sentence, Wilson must serve up to 24 months of parole after he is released from prison. In his petition, Wilson alleges he is being unlawfully restrained of his liberty because once he is released from prison may be ordered to serve up to 24 months on parole. Wilson argues that his placement on parole essentially adds two years to his sentence in violation of due process and the ex post facto clauses. Further, he argues that imposing parole after his release date would constitute a crime. Because we find that Wilson's contentions are wholly without merit, Wilson's petition is **DENIED.**[1]

Wilson alleges that any parole requirement would violate his right to earned credit time because parole effectively cancels two years of earned credit time by continuing to keep him

---

[1] Although Respondent Davis also argues that Wilson's petition should fail because Wilson failed to exhaust his state court remedies, that this Court may, nevertheless, deny a petition for writ of habeas corpus on the merits even where the petition has failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)(2). We believe that a denial on the merits is appropriate in this case.

under supervision after he is released from prison. In his traverse he argues that Indiana Code §35-50-6-1(a) authorized the cancellation of earned good time credits thereby increasing his punishment and enhancing his original sentence. Indiana Code 35-50-6-1(a) states,

> 1. (a) Except as provided in subsection (d), when a person imprisoned for a felony completes his fixed term of imprisonment, less the credit time he has earned with respect to that term, he shall be:
> (1) released on parole for not more than twenty-four (24) months, as determined by the parole board;
>
> (2) discharged upon a finding by the committing court that the person was assigned to a community transition program and may be discharged without the requirement of parole; or
>
> (3) released to the committing court if his sentence included a period of probation.

*Id*.

However, it is well-settled under Indiana law that applying credit time against a sentence in order to determine a date of release to parole does not, in fact, reduce or diminish the sentence itself. *Boyd v. Broglin*, 519 N.E.2d 541, 542 (Ind. 1988) ("Credit time is a statutory reward for a lack of conduct that is in violation of institutional rules. It is earned toward release on parole for felons, and does not diminish the fixed term or affect the date on which a felony offender will be discharged."); *see also Majors v. Broughlin*, 531 N.E.2d 189, 190 (Ind. 1988); *Indiana Dept. of Corr. v. Bogus*, 754 N.E.2d 27, 31 (Ind. Ct. App. 2001).

In *Boyd*, the petitioner was sentenced to a term of seven years. After serving three and a half years (he earned day for day good time credit), he was released on parole. *Boyd*, 519 N.E. at 542. Three months later Boyd was arrested for violating the terms of his parole, and was ordered to serve the remainder of his seven year sentence at a state prison. *Id*. Boyd argued that his re-incarceration pursuant to a finding of a parole violation denied him his constitutional right to

2

due process of law by depriving him of three and a half years of credit time and by causing him to serve a sentence greater than that for which he plea bargained. *Id*. The Supreme Court affirmed the trial court's decision that Boyd's rights had not been violated because he received the benefit of his earned credit time when he was released to parole before serving his entire sentence. *Id.* at 543.

In this case, Wilson was convicted and sentenced to serve 10 years in 2000. His current release date is June 8, 2006 – well short of the full 10 years to which he was sentenced. Wilson will receive the benefit of his earned credit time by being released before he has served his entire ten year sentence. The earned credit time Wilson has acquired is only applied to determine when he will be released to parole, but does not reduce his sentence, nor does it count towards the amount of time he must serve on parole. *See Bogus*, 754 N.E.2d at 31. Wilson's claim that the imposition of parole is a violation of his rights is without merit.

For all of the reasons stated, and because none of Wilson's constitutional rights have been violated, his petition is **DENIED**.

**SO ORDERED.**

ENTERED:   May 3, 2006

                                          s/ Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT